IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MEGAN MCGILL, et al.,** | ) | CASE NO. 1:24 CV 916 |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| **PRUDENTIAL INSURANCE** | ) | **AND ORDER** |
| **COMPANY OF AMERICA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Motion to Compel Discovery filed by Defendant. Gerald McGill (Docket #26); the Objections to and Motion to Quash Subpoena filed by Non-Party Patricia Morgan (Docket #29); the Motion to Compel Discovery filed by Plaintiffs, Megan McGill and Shannon McGill (Docket #31); the Second Motion to Compel Discovery filed by Defendant, Gerald McGill (Docket #36); the Motion for Protective Order filed by Defendant, Gerald McGill (Docket #37); the Motion to Quash Subpoena filed by Plaintiffs, Megan McGill and Shannon McGill (Docket #38); the Motion to Quash Subpoenas filed by Non-Parties Kathleen Wolf, Michelle Wolf, Robert Allen and Marie Allen (Docket #48); the Motion to Amend by Interlineation filed by Non-Parties Kathleen Wolf, Michelle Wolf, Robert Allen and Marie Allen (Docket #53); and, the Motion for Discovery Limitations and Motion for Oral Hearing/Pretrial filed by Defendant, Gerald McGill (Docket #54).

Status Conferences were held in this case on November 6, 2024 and November 25, 2024, during which the issues raised in the foregoing Motions were discussed.

I. **Motions to Compel filed by Defendant, Gerald McGill. (Docket #s 26 and 36.)**

In both Motions to Compel, Gerald McGill argues that Plaintiffs have failed to fully and completely respond to interrogatories and document requests. However, during the November 6, 2024 Status Conference, Counsel for Plaintiffs represented to the Court that she had, in fact, responded to Mr. McGill's discovery requests and planned to supplement those responses within the week. The Parties have not communicated to the Court that there are any outstanding disputes relative to Plaintiffs' responses to Mr. McGill's interrogatories and document requests.

Accordingly, the Motions to Compel filed by Defendant, Gerald McGill, (Docket #s 26 and 36) are hereby DENIED AS MOOT. The Parties have an ongoing duty to supplement their discovery responses and, in the event additional information is identified that has not been produced, the Parties may raise the issue with the Court at that time if necessary.

II. **Non-Party Patricia Morgan's Objections to and Motion to Quash Subpoena. (Docket #29.)**

On September 27, 2024, Defendant, Gerald McGill, served a subpoena on non-party Patricia Morgan, seeking "all text messages, voicemails, phone calls, e-mail communications, and social media communications sent to OR received from the following individuals: Megan McGill, Shannon McGill, Kathleen Wolfe [sic], Michelle Wolfe [sic], Marie Allen, Robert Allen, Gerald McGill, Jane McGill, and Joseph McGill during the period of April 2, 2023, to present, whether individually or in a group of recipients."

Ms. Morgan's Motion to Quash (Docket #29) is hereby GRANTED. All of the information sought from Ms. Morgan by Mr. McGill is otherwise available to Mr. McGill.

Megan McGill, Shannon McGill and Gerald McGill are Parties to this action and discovery is ongoing. Relevant communications between Ms. Morgan and any of the named Parties should be produced by the named Parties. Jane McGill is Gerald McGill's wife. Kathleen Wolf and Marie Allen, Mr. McGill's sisters, and Michelle Wolf and Robert Allen, Mr. McGill's grandchildren, have raised similar objections to those raised by Ms. Morgan and relevant communications between these non-parties and the named Parties should be produced by the named Parties. Mr. McGill is believed to have access to the deceased, Joseph McGill's cell phone. There is no basis upon which to require Ms. Morgan, a non-party to this action, to provide duplicative information. In the event that the Parties identify additional, relevant information believed to be within Ms. Morgan's possession that they have not been otherwise able to obtain, they may raise the issue with the Court at that time if necessary.

**III.   Motion to Compel Discovery filed by Plaintiffs, Megan McGill and Shannon McGill. (Docket #31.)**

Plaintiffs, Megan McGill and Shannon McGill, move this Court for an order compelling Defendant, Gerald McGill, to appear for deposition and sanction Mr. McGill and his Counsel for their failure/refusal to so appear. During the November 6, 2024 Status Conference, the Parties agreed that Plaintiffs' depositions would be scheduled prior to the deposition of Mr. McGill, and the Court agreed that the depositions of Plaintiffs and Defendant could be conducted at the Courthouse. The Parties have not communicated to the Court that there is any outstanding dispute relative to Mr. McGill's deposition.

Accordingly, the Motion to Compel and for Sanctions filed by Plaintiffs, Megan and Shannon McGill, (Docket #31) is hereby DENIED AS MOOT.

IV.     **Motion for Protective Order filed by Defendant, Gerald McGill.  (Docket #37.)**

As discussed during the Status Conference held on November 6, 2024, the Parties will conduct Plaintiffs' depositions prior to the deposition of Defendant, Gerald McGill.  There is no basis upon which to delay the exchange of written/electronic discovery between Plaintiffs and Defendants in this case.  Accordingly, Mr. McGill is hereby ordered to respond to Plaintiffs' discovery requests.  The Motion for Protective Order filed by Defendant, Gerald McGill (Docket #37) is hereby DENIED.

V.     **Motion to Quash filed by Plaintiffs, Megan and Shannon McGill.  (Docket #38.)**

Plaintiffs, Megan McGill and Shannon McGill, ask the Court to quash the subpoena issued by Defendant, Gerald McGill, asking that they produce, "all text messages, voicemails, phone calls, e-mail communications, and social media communications sent to OR received from the following individuals: Megan McGill, Shannon McGill, Kathleen Wolfe [sic], Michelle Wolfe [sic], Marie Allen, Robert Allen, Gerald McGill, Jane McGill, and Joseph McGill during the period of April 2, 2023, to present, whether individually or in a group of recipients."  Plaintiffs argue that it is improper to subpeona a party and that the request is overly broad.

The Motion to Quash filed by Plaintiffs, Megan McGill and Shannon McGill (Docket #38) is hereby GRANTED.  Plaintiffs indicate that they have responded to Mr. McGill's requests for production with 262 pages of text messages between the parties listed in the subpoena.  As stated above, Counsel for Plaintiffs represented to the Court that she had, in fact, responded to Mr. McGill's discovery requests and planned to supplement those responses within the week following the November 6, 2024 Status Conference.  The Parties have not communicated to the Court that there are any outstanding disputes relative to Plaintiffs' responses to Mr. McGill's interrogatories and document requests.

The Parties have an ongoing duty to supplement their discovery responses with all relevant information and, in the event that information is identified that has not been produced, the Parties may raise the issue with the Court at that time if necessary.

### VI. Motion to Quash filed by Non-Parties Marie Allen; Robert Allen; Kathleen Wolf; and, Michelle Wolf. (Docket #48.)

Non-parties Marie Allen, Robert Allen, Kathleen Wolf and Michelle Wolf ask the Court to quash the subpoenas issued by Defendant, Gerald McGill, asking that they produce "all text messages, voicemails, phone calls, e-mail communications, and social media communications sent to OR received from the following individuals: Megan McGill, Shannon McGill, Kathleen Wolf, Michelle Wolf, Marie Allen, Robert Allen, Gerald McGill, Jane McGill, and Joseph McGill during the period of April 1, 2023, to present, whether individually or in a group of recipients." These non-parties maintain that the subpoenas issued by Mr. McGill seek information that is already in possession of the Parties in this case; are overly broad; and, request information that would impose undue burden and expense upon the non-party recipients in addition to divulging personal information that is not relevant to this case.

The Motion to Quash filed by Non-Parties Marie Allen, Robert Allen; Kathleen Wolf and Michelle Wolf (Docket #48) is hereby GRANTED. Relevant communications between these non-parties and any of the named Parties should be produced by the named Parties. Jane McGill is Gerald McGill's wife. Mr. McGill is believed to have access to the deceased, Joseph McGill's cell phone. There is no basis upon which to require these non-parties to provide duplicative information.

At the Status Conference held on November 25, 2024, the Parties indicated that they are working to schedule the deposition of Kathleen Wolf, Michelle Wolf, Marie Allen and Robert

-5-

Allen and it is the Court's understanding that these non-parties have agreed to be deposed. In the event that the Parties identify additional, relevant information believed to be within the non-parties' possession that they have not been otherwise able to obtain, they may raise the issue with the Court at that time if necessary.

**VII.    Motion to Amend by Interlineation. (Docket #53.)**

The Motion to Amend by Interlineation (Docket #53) filed by non-parties Marie Allen; Robert Allen; Kathleen Wolf; and, Michelle Wolf is hereby GRANTED.

**VIII.   Motion for Discovery Limitations and Oral Hearing/Pretrial. (Docket #54.)**

Robert Housel, Counsel for Defendant, Gerald McGill, requests that all depositions in this case take place in the Federal Courthouse, alleging that he received a threat via text that he believes is related to this case and that a hearing be set in this case.

During a Status Conference held on November 6, 2024, the Parties discussed scheduling the deposition of Plaintiffs, Megan and Shannon McGill, and Defendant, Gerald McGill, with Plaintiffs depositions to be conducted first. The Court agreed, at Mr. Housel's request, that these depositions could be conducted at the Courthouse. It is the Court's understanding that the Parties are also working to scheduled the depositions of non-parties Marie Allen, Robert Allen, Kathleen Wolf and, Michelle Wolf. These non-parties indicated in their Reply Brief filed on December 3, 2024, that they are amenable to conducting depositions by Zoom which, although not at the Courthouse, would resolve Mr. Housel's concerns.

During the Status Conference held on November 25, 2024, the Court scheduled an in-person hearing in this matter for January 9, 2025 at 9:00 a.m.

Given the fact that all of the issues raised in Mr. McGill's Motion are being or have

already been addressed, the Motion for Discovery Limitations and Oral Hearing/Pretrial. (Docket #54) is hereby DENIED AS MOOT.

### IX.     January 9, 2005 Hearing.

Counsel shall be prepared to discuss and resolve any and all outstanding issues at the in-person Hearing on January 9, 2025.

Counsel shall communicate, in advance of the January 9, 2025 Hearing, whether in-person, by phone, text, email or other form of communication, regarding any outstanding disputes or issues they plan to present to the Court. No later than one week prior to the January 9, 2025 Hearing, each shall file a brief summary of any outstanding disputes or issues, no longer than 2 pages in length, in bullet-point form.

Counsel shall confer, in advance of the January 9, 2025 Hearing, regarding available deposition dates for the in-court depositions of Plaintiffs, Megan McGill and Shannon McGill and Defendant, Gerald McGill, for purposes of scheduling and shall be prepared to report on the progress of scheduling non-party depositions.

Counsel are reminded that they are under an obligation to comply with the Federal Rules of Civil Procedure and all orders of this Court.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: _December 9, 2024_