IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MEGAN MCGILL, et al., ) | CASE NO. 1:24 CV 916 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| ) | |
| PRUDENTIAL INSURANCE ) | MEMORANDUM OPINION |
| COMPANY OF AMERICA, et al., ) | AND ORDER |
| ) | |
| Defendants. | |

This matter is before the Court on the Motion for Leave to File First Amended Complaint filed by Plaintiffs, Megan McGill and Shannon McGill. (Docket #89.) Plaintiffs seek to amend the Complaint to clarify the roles of Defendants Prudential Insurance Company of America and Amazon.com Services LLC;[1] to assert new claims against Defendant, Gerald McGill, for tortious interference with expectancy of inheritance and undue influence; and, to supplement certain factual allegations and legal claims to ensure that the pleadings conform to the evidence and procedural posture of the case. (Id. at pp. 1-2.)

Defendant, Gerald McGill, filed a Memorandum in Opposition on June 10, 2025. (Docket #92.) Mr. McGill argues that Plaintiffs have offered no justification for the delay in

---

[1] Plaintiffs have filed a Notice of Dismissal of Defendants Prudential Insurance Company of America and Amazon.com Services LLC. (Docket #96.)

seeking to amend the Complaint and that the two additional claims asserted by Plaintiffs could have been included in the original Complaint. Mr. McGill states that the claims Plaintiffs seek to add "ultimately rest on the still unsupported allegation that Defendant McGill asserted undue influence over his brother, Joseph McGill, during his final days" and that this "was always the centerpiece of Plaintiffs' action." (Id. at p. 6.) Mr. McGill also argues that amending the Complaint would be futile – relying in part on arguments previously addressed on summary judgment – and that amending the Complaint at this stage of the proceedings would result in undue prejudice.

## Discussion

Fed. R. Civ. P. 15(a)(2) provides that after a responsive pleading is filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A district court may deny leave "in instances of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Glazer v. Chase Home Fin., LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In their original Complaint, Plaintiffs raised a single claim for Declaratory Judgment, asking the Court to declare that the beneficiary designation on Joseph McGill's insurance policies is invalid. Plaintiffs asserted that Joseph was heavily medicated and suffered from diminished mental capacity at the time the beneficiary changes were made. (Complaint at Paragraphs 11-12.) Plaintiffs alleged that Defendant, Gerald McGill, "exercised undue influence over Joseph [their father] in convincing Joseph to name him as the beneficiary of the policies or changed the beneficiary himself without Joseph's knowledge and consent." (Id. at Paragraph

15.) As expressly acknowledged by Defendant, Gerald McGill, "the allegation that Defendant McGill exerted undue influence over his brother . . . was always the centerpiece" of this case. (Docket #92 at p. 6.) Thus, Plaintiffs' proposed claims for tortious interference and undue influence, while not set forth as separate claims in the original Complaint, are not new and the proposed amendments merely serve to clarify each of the claims which must be adjudicated by the Court.

Further, in denying Mr. McGill's Motion for Summary Judgment, the Court ruled that genuine issues of material fact persist with regard to Joseph McGill's mental capacity at the time the beneficiaries of his life insurance policies were changed and whether Defendant, Gerald McGill, exercised undue influence over Joseph McGill relative to the change in Joseph McGill's designated beneficiaries. In the months following that ruling, the Parties have continued to conduct discovery, with full knowledge of the claims that have been at the heart of this case since its inception. Thus, the proposed amendments will not unduly delay proceedings and will not prejudice Mr. McGill in any way.

## Conclusion

The Motion for Leave to File First Amended Complaint filed by Plaintiffs (Docket #89) is hereby GRANTED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: June 13, 2025

-3-